SAMUEL, Judge.
This suit for $576.03 was instituted in the First City Court of the City of New Orleans. One of the defendants, Louis Majesty, filed an answer. A trial on the merits, in which both Majesty and his wife, also a defendant, appeared and participated, resulted in a judgment in favor of plaintiff and against those two defendants in the principal sum of $221.39. The judgment was rendered on June 6, 1962 and signed on June 12, 1962. On June 25, 1962 relator, Louis Majesty, filed a motion for, and obtained an order granting him, a devolutive appeal to this court. On the same day he furnished the required appeal bond.
Thereafter, plaintiff filed a rule to show cause why the order of appeal should not be recalled and rescinded for the reason that the appeal was not applied for nor the bond furnished within the time provided by law. After a hearing on the rule the City Court recalled and rescinded its order and dismissed the appeal. This court granted alternative writs of mandamus to review that judgment on rule.
The delay for taking an appeal from the City Court of New Orleans in cases involving more than $100.00 is governed by Article 5002 of our LSA-Code of Civil Procedure, which reads as follows:
“The delay for answering shall be stated in the citation and shall be five days, exclusive of legal holidays. A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
“A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment, or within three days of the service of notice of judgment when necessary.
“A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delay for applying for a new trial, or within ten days of the denial of a new trial.
“The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.” 9 LSA-C.C.P. Art. 5002.
In the instant case notice of rendition of judgment was not required under LSA-C.C.P. 4898, which is referred to in the first paragraph of the above quoted Art. *198 5002, for the reason that defendant filed an answer and no such notice was necessary to start the running of the delay for applying for a new trial. And under LSA-C.C.P. Art. 5059 legal holidays are to be included in the computation of the period of time allowed or prescribed when that period is seven days or more.
Therefore, more tiran ten days having run from the expiration of the delay for applying for a new trial if the time is computed from rendition of the judgment sought to be appealed from, and less than the full ten days having run from the expiration of such delay if the computation is from the date of the signing of that judgment, the question presented for our determination is whether the words “of the date of judgment” as contained in the second paragraph of the quoted article mean date of rendition of judgment or date of signing of judgment. If the former is true, that is, if the reference is to the date of rendition, then the appeal in the instant case was not timely taken and the judgment on rule is correct. If the latter is true, that is, if “date of judgment” refers to the date of the signing of the judgment, then defendant’s appeal has been timely taken and the judgment on rule must be reversed.
It is defendant’s contention that his delay for applying for a new trial was controlled by LSA-C.C.P. Art. 1974 which, as amended in 1961, provides that where no notice of judgment is required the delay for applying for a new trial shall be three days and this delay commences to run on the day after the judgment was signed. We cannot agree with this contention.
Article 5001 of the LSA-Code of Civil Procedure provides:
“Except as otherwise provided in Article 5002, the procedure in a civil case in a city court of which a justice of the peace does not have concurrent jurisdiction is the same as that provided by law for a civil case in the district court of the parish in which the municipality is situated.” 9 LSA-C.C. P. Art. 5001.
The second and third paragraphs of Art. 5002 set out in detail the time in which a new trial must be applied for and an appeal taken so that, using the language of Art. 5001, these matters are “otherwise provided in Article 5002”. We conclude that Art. 1974 is inapplicable and the question presented must be decided only under the provisions of Art. 5002.
Our Code of Practice of 1870, which primarily regulated procedure prior to the present Code of Civil Procedure, made a distinction between rendition and signing of judgment for the purpose of giving the party cast an interval after the rendition within which to apply for relief. See Code of Practice Arts. 546 (which prohibited the judge from signing definitive or final judgments rendered by him until after the lapse of three judicial days from the day of rendition) and 558; “Preliminary Statement”, 1 LSA-C.C.P. pg. 291 and 4 LSA-C.C.P. pg. 370. Judgments now may be signed at the time of rendition or at a “reasonable” time thereafter. See 4 LSA-C.C.P. Art. 1911 and comment (a) thereunder.
We are of the opinion that the words “of the date of judgment” as contained in the second paragraph of Art. 5002 refer to the date of rendition of judgment and not to the date of signing. In addition to the historical background, the rendition is dated and is a judgment so that it fits under the wording “date of judgment”. Of greater significance is the fact that the notice of judgment “when necessary” referred to in the second paragraph of Art. 5002 is a notice of rendition and not signing of judgment (see also Art. 4898 and the first paragraph of Art. 5002). Since the same three day period is given in each case, of the date of judgment in one instance and after service of notice of judgment in the other, it would seem clear that the reference in both cases is to rendition rather than rendition where notice is *199 necessary and signing where notice is unnecessary.
For the reasons assigned the alternative writs of mandamus issued in this case are recalled and vacated and the proceedings in this court are dismissed at relator’s cost.
Writs recalled and vacated and proceedings dismissed.